**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X
BRIAN W. LUCARELLI,

                              Plaintiff,

         -against-

PRIME HIGHWAY CONTRACTORS, LLC, and
LINDA ISABELLE,

                          Defendants.
-------------------------------------------------------------------------X

Civil Action No.  1:24-cv-1484
                            (DNH/DJS)

**COMPLAINT**

**JURY TRIAL DEMANDED**

The Plaintiff, BRIAN W. LUCARELLI (hereinafter "Plaintiff"), as and for his Complaint against the Defendants, PRIME HIGHWAY CONTRACTORS, LLC, and LINDA ISABELLE (hereinafter "Defendants"), respectfully alleges as follows:

## JURISDICTION AND VENUE

1.      Plaintiff brings this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law (hereinafter the "NYLL"), and the supporting New York State Department of Labor Regulations of the Official Compilation of Codes, Rules, and Regulations of the State of New York promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act including Parts 142 of Title 12 (hereinafter "Regulations"), to recover unpaid overtime compensation, and for other relief.

2.      Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3.      The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4.      Venue is appropriate in the Northern District of New York pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial District.

## PARTIES

5.      Plaintiff is an adult individual who is a resident of Clifton Park, New York.

6.      Plaintiff was employed by Defendants from around mid-April 2019 to August 1, 2023.  Plaintiff's last day of work was on June 9, 2023.

7.      Plaintiff is a covered employee within the meaning of the FLSA and the NYLL.

8.      Defendant PRIME HIGHWAY CONTRACTORS, LLC (hereinafter "Defendant Prime Highway") is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.      Defendant Prime Highway's Principal Executive Office is located at 50 Colvin Ave, Albany, NY 12206.

10.     At all relevant times, Defendant Prime Highway maintained a place of business located at 50 Colvin Ave, Albany, NY 12206.

11.     At all relevant times, Defendant Prime Highway maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

12.     Defendant Prime Highway is a covered employer within the meaning of the FLSA and the NYLL.

13.     Upon information and belief, Defendant LINDA ISABELLE (hereinafter "Defendant Linda Isabelle") is an adult individual who is a resident of the State of New York.

14.     Defendant Linda Isabelle was an owner and the Chief Executive Officer of Defendant Prime Highway.

15.     At all relevant times, Defendant Linda Isabelle has been an employer under the FLSA and the NYLL.

16.     Defendant Isabelle had the power to hire and fire employees of Defendant Prime Highway. For example, Defendant Isabelle participated in the decision to hire Plaintiff and Defendant had ultimate authority on deciding what employees to hire and fire.

17.     Defendant Linda determined Plaintiff's rate of pay during his employment. Specifically, Plaintiff Isabelle gave Plaintiff a raise.

## FACTS

18.     Defendants employed Plaintiff from in or around mid-April 2019 to August 1, 2023.  Plaintiff's last day of work was on June 9, 2023.

19.     During this time, Plaintiff worked for Defendants on job sites around upstate New York, including Warren and Essex County.

20.     Prime Highway contracts with municipalities and New York State to perform work on highways, including excavating and re-paving highways, and building or replacing box culverts, and/or pipeliners.

21.     While Plaintiff's title was "job superintendent," during the "regular season," from around mid-March to the end of November, Plaintiff mainly performed the job duties of a laborer, including shoveling, raking, putting rubber membranes on box culverts, and locking together pipeliners.  Further, Plaintiff also drove or operated a dump truck or a machine used to excavate highways.

22.     As a result, Plaintiff was not an exempt employee.

3

23.     During the regular season, from Monday to Thursday, Plaintiff generally worked for about 10 hours per day with a crew of other workers from around 6 a.m. to 4 p.m. or 7 a.m. to 5 p.m. On Friday, Plaintiff generally worked from about 6 a.m. to 2 p.m.

24.     Further, during the regular season, most of the time, Plaintiff worked one day on the weekend, and sometimes two days, for about three to four hours each day, driving to job sites to ensure that there was sufficient diesel fuel for pumps to keep holes or construction areas dry.

25.     Defendants paid Plaintiff a salary of $95,000 per year.

26.     On or around July 2022, Defendants raised Plaintiff's salary to $130,000 per year.

27.     Defendants also paid Plaintiff bonuses, including a $5,000 bonus in 2022.

28.     During his employment, Plaintiff was not paid the lawfully required rate of one and one-half times his regular rate of pay for hours worked over forty (40) each week.

29.     Plaintiff was paid via check on a weekly basis.

30.     Defendants failed to provide Plaintiff with a notice and acknowledgment of pay rate and pay day or any other type of wage notice at the time of his hiring as required by NYLL § 195(1).

31.     Throughout Plaintiff's entire employment, Defendants failed to furnish Plaintiff with accurate wage statements along with every payment of wages as required by NYLL § 195(3), including the correct number of regular and overtime hours worked and the correct overtime rate of pay.

32.     During his employment, Plaintiff was not exempt from the overtime provisions of the FLSA or the NYLL.

33.    Defendants' failures to pay proper wages in a timely manner have been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights; and Plaintiff has been damaged by such failures.

<u>COUNT I</u>
<b>VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201 <i>ET SEQ.</i></b>
<b>FLSA-Failure To Pay Overtime Wages</b>

34.    Plaintiff alleges, re-alleges, and incorporates by reference all allegations set forth in each of the preceding paragraphs as though fully set forth herein.

35.    At all times relevant to this Complaint, each of the Defendants have been and continues to be an "employer" within the meaning of the FLSA (29 U.S.C. § 207(a)(2)).

36.    At all times relevant to this Complaint, Defendants "employed" Plaintiff by suffering or permitting him to work within the meaning of the FLSA (29 U.S.C. § 203(g)).

37.    The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

38.    At all times relevant to this Complaint, Defendants had, and continue to have, more than two (2) employees handling goods or materials that have moved in interstate commerce, including Plaintiff who handled goods and supplies that moved in interstate commerce.

39.    At all times relevant to this Complaint, the corporate Defendant was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA (29 U.S.C. § 203(s)). As such, the corporate Defendant was and is subject to the overtime pay requirements of the FLSA because said Defendant is an enterprise engaged in commerce or in the production of goods for commerce.

40.     Upon information and belief, the gross annual volume of sales made or business done by Defendant Prime Highway at all relevant times was not less than $500,000.00.

41.     At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. §§ 207, *et seq*.

42.     Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

43.     By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation for all hours worked in excess of forty (40) per week as required by the FLSA.

44.     Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

45.     However, none of the Section 13 exemptions apply to Plaintiff because he has not met the requirements for coverage under the exemptions.

46.     Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

47.     Defendants have not acted in good faith with respect to the conduct alleged herein.

48.     As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees, and costs of litigation pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF ARTICLES 6 AND 19 OF THE NEW YORK LABOR LAW
### NYLL– Failure To Pay Overtime Wages

49.     Plaintiff alleges, re-alleges, and incorporates by reference all allegations set forth in each of the preceding paragraphs as though fully set forth herein.

50.     At all times relevant to this Complaint, Defendants were "employers" of Plaintiff within the meaning of the NYLL and the supporting Regulations pertaining thereto.

51.     At all times relevant to this Complaint, Plaintiff was an "employee" of Defendants within the meaning of the NYLL and the supporting Regulations pertaining thereto.

52.     At all times relevant to this Complaint, Defendants employed Plaintiff, suffering or permitting him to work within the meaning of the NYLL and the supporting Regulations pertaining thereto.

53.     At all times relevant to this Complaint, Plaintiff was employed by Defendants within the meaning of NYLL §§ 2 and 651.

54.     The overtime wage provisions of Article 19 of the NYLL and its supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

55.     Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay for all hours worked in excess of forty (40) per workweek. 12 N.Y.C.R.R. §142-2.2.

56.     By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for all hours that he worked in excess of forty (40) hours each workweek for Defendants.

57.     By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the NYLL and the Regulations pertaining thereto.

58.    Plaintiff is not exempt from the overtime provisions of the NYLL and the Regulations pertaining thereto because he has not met the requirements for any of the reduced number of exemptions available under New York law.

59.    Defendants have acted willfully and have either known that their conduct violated the NYLL and the Regulations pertaining thereto or have shown a reckless disregard for the matter of whether their conduct violated the NYLL and the Regulations pertaining thereto. Defendants have not acted in good faith with respect to the conduct alleged herein.

60.    Through their knowing and intentional failure to pay Plaintiff overtime wages for all hours worked in excess of forty (40) hours each workweek, Defendants willfully violated Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations. *See* 12 N.Y.C.R.R. §142-2.2.

61.    As a result of Defendants' violations of the NYLL and the Regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, and is entitled to recover from Defendants his unpaid overtime wages, as provided for by the NYLL and supporting Regulations, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**COUNT III**
**VIOLATION OF SECTION 195(1) OF THE NEW YORK LABOR LAW**
**NYLL– Failure To Provide Wage Notices**

62.    Plaintiff alleges, re-alleges, and incorporates by reference all allegations in all preceding paragraphs as though fully set forth herein.

63.    Defendants willfully failed to furnish Plaintiff with wage notices during the entirety of his employment, including the date of his hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiff as his primary language, which were to contain, among other

things, Plaintiff's rate or rates of pay and basis thereof; the regular pay day designated by

Defendants as employers in accordance with NYLL § 191; the name of the employer; any "doing

business as" names used by the employer; the physical address of the employer's main office or

principal place of business, and a mailing address if different; the telephone number of the

employer; and Plaintiff's regular hourly rates of pay and overtime rates of pay.

64.     Through their knowing and intentional failure to provide Plaintiff with the wage

notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the

supporting Regulations.

65.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover

statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

**COUNT IV**
**VIOLATION OF SECTION 195(3) OF THE NEW YORK LABOR LAW**
**NYLL– Failure To Provide Wage Statements**

66.     Plaintiff alleges, re-alleges and incorporates by reference all allegations in all

preceding paragraphs as though fully set forth herein.

67.     Defendants willfully failed to provide Plaintiff proper written wage statements with

his wages each week as required by NYLL § 195(3), which were to include, among other things,

the dates of work covered by each payment of wages; name of employee; name of employer;

address and phone number of employer; rate or rates of pay and basis thereof; deductions; net

wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of

regular hours worked and the number of overtime hours worked.

68.     Through their knowing and intentional failure to provide Plaintiff with accurate

wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*.

and the supporting Regulations.

9

69.    Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, by and through his attorneys, Harding Mazzotti, LLP, demands judgment against Defendants, jointly and severally, and in favor of Plaintiff, for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A.    Declare and find that Defendants committed one or more of the following acts:

    1.    Violated provisions of the FLSA by failing to pay overtime compensation to Plaintiff;

    2.    Willfully violated the overtime provisions of the FLSA;

    3.    Violated the provisions of the NYLL by failing to pay overtime compensation to Plaintiff;

    4.    Willfully violated the applicable provisions of the NYLL; and

    5.    Violated the provisions of the NYLL by failing to provide Plaintiff with wage notices and wage statements;

B.    Award compensatory damages, including all overtime compensation, in an amount according to proof;

C.    Award interest on all NYLL overtime compensation and other compensation due accruing from the date such amounts were due;

D.    Award all costs and attorneys' fees incurred in prosecuting this action, liquidated damages under the FLSA and the NYLL, and statutory penalties under the NYLL; and

E.    Provide such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury with respect to all issues properly triable by jury.

Dated:  December 6, 2024
        Albany, New York

                                        **HARDING MAZZOTTI, LLP**

By:     _____
                                        FINN W. DUSENBERY, ESQ. (Bar ID: 518310)
                                        *Attorneys for Plaintiff*
                                        1 Wall Street
                                        Albany, New York 12205
                                        Tel.: (518) 724-2257
                                        Email: Finn.Dusenbery@1800law1010.com


TO:     PRIME HIGHWAY CONTRACTORS, LLC
        50 Colvin Ave
        Albany, NY 12206

        LINDA ISABELLE
        50 Colvin Ave
        Albany, NY 12206