UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRIAN W. LUCARELLI,

                Plaintiff,

     v.                                            1:24-CV-1484 (DJS)

PRIME HIGHWAY CONTRACTORS, LLC *et al.*,

                Defendants.
_____

**DANIEL J. STEWART**
**United States Magistrate Judge**

## ORDER

      The parties have requested an order approving the settlement in this matter as fair and reasonable. Dkt. No. 13. Where, as here, the parties resolve a matter and seek dismissal with prejudice under Federal Rule of Civil Procedure 41, "the approval of the district court" or the Department of Labor is required. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). "The ultimate question is whether the proposed settlement reflects a fair and reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation and citation omitted).

      In evaluating the reasonableness of a settlement:

> [d]istrict courts typically evaluate the fairness of a settlement agreement by considering the factors outlined in *Wolinsky*, which include, among others: (1) the plaintiff's range of possible recovery; (2) the extent to which

the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d at 335-336). Prior to signing the stipulation discontinuing this action, the Court evaluated the settlement, including the request for attorneys' fees and concluded that the settlement was a fair and reasonable one.

The settlement amount was consistent with the range of possible recovery given what discovery had shown would likely be provable unpaid compensation totals. Resolving the matter at this juncture clearly allows each side to avoid the risks and expense of further litigation. The Court is familiar with counsel for all parties, who are experienced litigators, and it is clear that this resolution was the result of arm's length negotiations.

For these reasons, the application to approve the settlement, including attorneys' fees is granted. The Clerk is directed to enter Judgment accordingly.

Dated: October 21, 2025
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge